In re INITIATIVE PETITION NO. 2, TOWN OF SKIATOOK.

No. 34691.    Oct. 2, 1951.

*236 P. 2d 247.*

Doerner, Rinehart & Stuart, Tulsa, for plaintiffs in error.

R. L. Davidson, Jr., and James G. Davidson, Tulsa, for defendants in error.

BINGAMAN, J.    Plaintiffs in error appeal under the provisions of 34 O. S. 1941 §51, from the decision of the town clerk, holding referendum' petition to be insufficient and the subject thereof not within the reserved powers of initiative and referendum under the Constitution and laws of the State of Oklahoma.

On October 13, 1947, the trustees of the town of Skiatook, Oklahoma, enacted ordinance No. 162, authorizing the calling of an election to submit to the qualified electors of said town the question of the issuance of the bonds of said municipality for the purpose of acquiring an electric distribution system, to be owned by said town.    On November 4, 1947, at the special election called for such purpose, pursuant to such ordinance and under the provisions of article 10, §27, Oklahoma Constitution, the issuance of such bonds was authorized.    Thereafter, on January 3, 1950, while litigation was pending over the validity of the bonds, the plaintiffs in error filed with the town clerk a petition seeking a referendum on said ordinance No. 162.    On May 12, 1950, the petition and a protest filed against it was heard by the town clerk, at which time he entered his order finding the petition insufficient and further finding the subject thereof was not within the reserve powers of the initiative and referendum and that the petition was of no force or effect.

During the pendency of the appeal in this court, the validity of the bonds has been established in Palmer v. Town of Skiatook, 203 Okla. 316, 220 P. 2d 273.

Ordinance No. 162 is not a general law or municipal legislation.    It does not define rules of civil conduct of general application throughout the municipality, but is merely an administrative order, authorizing the president of the board of trustees of the town of Skiatook to call an election for the purpose of submitting to the voters of the town the question as to whether the town should become indebted by issuing bonds under the provisions of article 10, §27, of the Constitution.    The election has been duly held and the purpose of the ordinance completely carried out.    No further acts remained to be performed under the ordinance.    The

ordinance has been fully executed and nothing now remains, which could be made the basis of a referendum.

This court held in North et al. v. McMahan, 26 Okla. 502, 110 P. 1115, that county bonds submitted to a special referendum of the voters under the provisions of section 26, art. 10, Oklahoma Constitution, were not subject to the general referendum laws set out in what is now Title 34 O. S. 1941.

In Moomaw v. Sions, 96 Okla. 202, 220 P. 865, we held that ordinances dealing with municipal light plants involved administrative action, rather than legislative. To the same effect is Yarbrough v. Donaldson, 67 Okla. 318, 170 P. 1165, where referendum was sought on the action of the municipal council in ordering the sale of the electric light plant. The court therein held, quoting from an earlier decision:

" 'The power of the referendum reserved to the people of the State by the Constitution (article 5, §1) and further reserved in section 5 to the legal voters of every county in the state as to all local legislation or action in the administration of county government, held applicable only to laws, or legislative acts, as distinguished from administrative or executive action. Held, also that the procedure provided by section 17 of the Act of April 16, 1908 (Laws 1907-08, c. 44), carrying into effect the initiative and referendum, is confined to operate on municipal legislation or general laws only; that is, rules of civil conduct of *general application throughout the municipality as prescribed by the lawmaking power of such municipality?' " (Brazell v. Zeigler, 26 Okla. 826, 110 P. 1052.)

We therefore conclude that the petition sought to invoke the referendum on an administrative act already fully executed and not subject to the reserved power of the initiative and referendum provisions of the Constitution and statutes. We have previously held in Re Referendum Petition No. 1, Town of Haskell, 182 Okla. 419, 77 P. 2d 1152, that where a referendum or initiative petition shows that it covers a subject not reserved under the initiative and referendum that the municipal clerk may properly declare such a petition insufficient. The holding of the town clerk is affirmed.

HALLEY, V. C. J., and WELCH, CORN, DAVISON, and JOHNSON, JJ., concur.