In re SUPREME COURT ADJUDICA-TION OF SUFFICIENCY OF INITIA-TIVE PETITION IN TULSA, Oklahoma, CONCERNING A ONE CENT SALES TAX INCREASE FOR FUNDING AD-DITIONAL POLICE PERSONNEL AND COMPENSATION.

Surviving No. 48670.
Consolidated with No. 48920.

Supreme Court of Oklahoma.

July 3, 1979.

Phil Frazier, Tulsa, for proponents, Fraternal Order of Police Lodge 93.

Waldo F. Bales and William M. Northcutt, Tulsa, for contestant, Auditor of the City of Tulsa.

HARGRAVE, Justice:

In accord with, and under the statutory authority of 34 O.S.1973 Supp. § 8 the Supreme Court of the State of Oklahoma has been requested to rule upon the sufficiency of Initiative Petition Number X of the City of Tulsa, Oklahoma. The initiative petition was pre-filed in the Office of the City Auditor of that city on May 9, 1975 and thereafter signed copies of the petition were filed on the third of June. Pursuant to the above-mentioned section 8 of Title 34, this Court entered an order over a referee's signature finding 40,649 presumptively valid signatures on the petition and ordered the City Auditor of Tulsa to make a determination of the apparent sufficiency of the initiative petition under the terms of 34 O.S.1971 § 51.[1] On September 17 of that year the Tulsa City Auditor published notice that the initiative petition was insufficient for a number of reasons and such notice also stated that an objection to the finding of the auditor could be filed within ten days of that date. Within that time, a protest to the auditor's determination of insufficiency was filed by the Fraternal Order of Police, Lodge No. 93, by filing a Notice of Appeal and Petition in this Court. No other protest to the auditor's determination was made.

Thereafter, the contestant, Francis F. Campbell, Tulsa City Auditor, filed a motion to dismiss the proponent's protest to auditor Campbell's determination of insufficiency. This motion was denied and the contestant now challenges the protest of the proponent, Fraternal Order of Police, Lodge No. 93.

Briefly stated, the initiative petition is directed to establishing a minimum number of police officers at the national average per 1,000 of population and setting salaries for these personnel at not less than the average base compensation of five comparably sized cities paying the highest base salary. In furtherance of these goals, the petition also provides for an increase in the city sales tax and restricts the use of that additional tax to implementing the changes in personnel number and salary referred to. This Court, through its referee, held evidentiary hearings and has issued a report containing findings of fact, conclusions of law, and a recommendation that the petition be held insufficient.

The contestant, Tulsa City Auditor Francis F. Campbell, raises twelve grounds for holding the petition insufficient. Finding proposition Ten to correctly indicate the petition is insufficient as a matter of law and of general interest in the application of Title 34 O.S. (Initiative and Referendum) we discuss this proposition, in addition to the administrative nature of the subject of the initiative petition.

Title 34 O.S.1971 § 6 establishes the following provisions for the verification of signatures on an initiative or referendum petition:

Each sheet of every such petition containing signatures shall be verified on the back thereof, in substantially the following form, by the person who circulated said sheet of said petition, by his or her affidavit thereon and as a part thereof:

State of Oklahoma, ⎫
County of ⎬ s.s.
⎭

I, _____, being first duly sworn says: That I am a qualified elector of the State of Oklahoma and that (Here shall be legibly written or typewritten the names of the signers of the sheet), signed this sheet of the foregoing petition, and each of them signed his name thereto in my presence; I believe that each has stated his name, post office address, and residence correctly, and that each signer is a legal voter of the State of Oklahoma and county of _____ or the City of _____

---

1. 34 O.S.1971 § 51 applies the initiative petition validation process for state issues to local government issues by substituting local officials for state officials mentioned in 34 O.S. 1973 § 8.

(as the case may be). (Signature and post office address of affiant). Subscribed and sworn to before me this _____ day of _____ A.D. 19_____. (Signature and title of the officer before whom oath is made and his Post Office address.)

This statute was in effect at the time the instant petition was circulated. The statute has been amended once since enacted as Laws 1907–1908 p. 443; RL. 1910 § 3373, and that amendment was made in 1969. The only addition to the 1910 statute made therein was the addition of the language indicating that the person circulating that sheet of the petition is a qualified elector of the State of Oklahoma. The source of this amendment is Oklahoma Session Law 1969, C. 206 § 2. Oklahoma Session Law 1969, C. 206 §§ 1 and 3 are now codified as Title 34 O.S.1971 § 3.1 and § 6.1, and both also refer to the circulator of a petition as a qualified elector of the State. 34 O.S.1971 § 3.1 makes it unlawful for anyone to circulate an initiative or referendum petition if he or she is not a qualified elector and sets the punishment for transgression of the requirement at a maximum fine of $1,000.00 and imprisonment in the county jail for not more than a year. Section 6.1 of Title 34 instructs the Secretary of State to disqualify all signatures on a sheet of a petition not verified by the circulator. As noted previously, 34 O.S.1971 § 51 provides that the procedure for circulation of petitions on municipal questions is to be similar to that provided in the first sections of this title for state questions.[2] That section stated the duties of the Governor and Secretary of State are to be performed by the Chief Executive and Chief Clerk of the city.

■ Therefore, 34 O.S. § 6.1 as modified by § 51 of that title, requires the Chief Clerk of the city to disqualify all signatures not verified by the circulator as provided by 34 O.S.1971 § 6. The form of affidavit utilized in the verification of the petition in question substantially complies with 34 O.S. 1961 § 6 (emphasis added) but they do not contain the language required by the only modification made in the statute by the legislature in over sixty years and that is the requirement that the petition be verified to have been circulated by a qualified elector. To hold that a petition not containing that language substantially complied with 34 O.S.1971 § 6 (emphasis added) would be to hold the amendment of the statute was a useless and ineffectual act and would emasculate the single amendment made in the statute since statehood. This Court will not presume the legislature has done a vain and useless act, *Moral Insurance Co. v. Cooksey, 285 P.2d 223 (Okl. 1955).*

■ The fact that 34 O.S.1971 § 24 provides that only substantial compliance with the procedure set forth in Title 34 is necessary does not indicate that this Court may ignore the plain meaning of the 1969 amendment by stating the statute was substantially followed. To do so would be to refuse to give effect to the amendment. Statutes must be interpreted in a manner which renders every word and sentence operative, *Mayberry v. Walker's Masonery, 542 P.2d 1110 (Okl.1975),* rather than in a manner which would render a specific statutory provision nugatory. *Olim v. Mayberry, 524 P.2d 24 (Okl.1974).* Conversely, every statute must be interpreted to give meaning to every provision. *C. H. Leavell and Co. v. Oklahoma Tax Commission, 450 P.2d 211 (Okl.1968).* We therefore hold the City Auditor correctly held the petition insufficient for failure to verify that the circulator was a qualified elector of the state in accord with 34 O.S.1971 § 6.1 which states that petitions shall be disqualified when not verified as provided for in 34 O.S.1971 § 6. See also, Op.Atty.Gen. No. 69–325 (Dec. 9, 1969). Additionally, research does not disclose that this Court has established that a verification is subject to

2. 34 O.S. § 51 has subsequently been repealed by Laws 1977, C. 256 § 1–106, effective July 1, 1978; thereafter see 11 O.S.1977 Supp. § 15–101 et seq.

amendment after the 90 day period for filing a petition prescribed in 34 O.S.1973 Supp. § 8 has expired. *Foster v. Young, 149 Okl. 19, 299 P. 162 (1931).*

▮ Amendment of the verification required by statute and held to be mandatory in *Whitson v. City of Kingfisher, 176 Okl. 145, 54 P.2d 616 (1936),* would not render the instant petition valid under the rule last announced in *In re Supreme Court Adjudication of Initiative Petitions in Norman, Okl. Nos. 74–1 & 74–2, 534 P.2d 3 (Okl. 1975).* Okl.Const., Art. 18, § 4 provides, inter alia, "The powers of the initiative and referendum . . . are hereby reserved to the people of every municipal corporation now existing or which shall hereafter be created within this State, *with reference to all legislative authority . . . .*" (emphasis added). In *In re Supreme Court Adjudication of Initiative Petitions in Norman, Okl., supra,* this Court held that fixing a rate structure for a municipality-owned utility was an administrative function involving administrative discretion not reserved to the people under Okl.Const., Art. 18 § 4(a). We find that case to be controlling here as there is little material distinction between the administrative character of fixing rates charged for use of a utility and fixing rates to be paid for services provided by a municipal police force. The reserved powers of initiative and referendum guaranteed under the Okl.Const., Art. 18 § 4(a) refer to municipal legislation or general laws only; that is, rules of civil conduct of general application throughout the municipality as prescribed by the law-making power of such municipality. *In re Initiative Petition No. 2 of Town of Skiatook, 205 Okl. 160, 236 P.2d 247 (1951).* The matter dealt with in this petition is not a legislative matter, but clearly involves administrative discretion.

The offered petition deals with a subject which is not legislative in nature and is therefore not reserved to the people of the municipality by the Okl.Const., Art. 18 § 4(a). In addition to being referenced to

an impermissible subject, the absence of a proper verification eliminates each sheet not properly verified. It is uncontested that all sheets of the petition are not verified as required and 34 O.S.1971 § 6 provides that all signatures on any sheet of any petition not properly verified by the party circulating said sheet shall be disqualified. It follows that all submitted signatures must be disqualified and the petition is insufficient to command an election on the matters proposed therein. The determination of the auditor of the City of Tulsa that Initiative Petition X is legally insufficient is Affirmed.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, HODGES, SIMMS and OPALA, JJ., concur.