Dear Representative Gray
¶ 0 This office has received your request for an official Attorney General's Opinion in which you asked, in effect, the following questions:
1. Based upon Section 328.49 of Title 59, is it unlawful fordental assistants to perform the duties and services of a dentalhygienist as provided in 59 O.S. 1991, § 328.34[59-328.34] and OAC195:15-1-3(b)(1)-(3)?
 2. Are the rules of the Board of Governors of RegisteredDentists[1] for the education and training of dentalassistants, as set forth in OAC 195:15-1-4, adequate to complywith Section 250.3 of the Administrative Procedures Act?
¶ 1 In regard to your first question, the Oklahoma Legislature has enacted a prohibition on the unlicensed practice of dental hygiene, as follows:
 It shall be unlawful for any person, except a dental hygienist, to:
a. practice or attempt to practice dental hygiene,
 b. hold oneself out to the public as a dental hygienist or as a person who practices dental hygiene, or
 c. employ or use the words "Registered Dental Hygienist", or the letters "R.D.H.", or any modification or derivation thereof, when such use is intended to give the impression that the person is a dental hygienist.
59 O.S. Supp. 1996, § 328.49[59-328.49](B)(2).
¶ 2 If we were to read this provision alone, it is possible to conclude that only a dental hygienist may practice dental hygiene in Oklahoma. However, to construe statutes properly, it is necessary to apply standard rules of statutory construction. The primary goal of statutory construction is to ascertain and give effect to expressed legislative intent. Moss v. City of OklahomaCity, 897 P.2d 280, 286 (Okla. 1995). Intent is ascertained from the act as a whole in light of its general purpose and object.City of Bethany v. Public Employees Relations Board,904 P.2d 604, 609 (Okla. 1995). Statutory provisions must be read to give effect to each rather than to render provisions nugatory. Medinav. State, 871 P.2d 1379, 1383 n. 10 (Okla. 1993). It is presumed that every provision of Oklahoma's statutes has been intended for some useful purpose and should be given effect. Curtis v. Boardof Education of Sayre Public Schools, 914 P.2d 656, 659 (Okla. 1995). The Legislature is presumed not to have done a vain and useless act. Supreme Court Adjudication of Sufficiency ofInitiative Petition in Tulsa Concerning A One Cent Sales TaxIncrease For Funding Additional Police Personnel AndCompensation, 597 P.2d 1208, 1210 (Okla. 1979).
¶ 3 Section 328.21 of the State Dental Act, 59 O.S. 1991 andSupp. 1996, §§ 328.1-328.51a, prohibits the unlicensed practice of dentistry. The Legislature has provided several exceptions. The relevant sections are:
 [N]othing in this section shall be so construed as to prevent the following:
. . . .
 (e) The practice of dental hygiene, as hereinafter defined, by a person granted a certificate of ability by the Board of Governors;
 (f) The practice of dental hygiene, as defined herein, or the performing of acts by a dental assistant and/or dental nurse who performs said acts under the direct supervision of the dentist and in accordance with all educational requirements, rules, regulations or procedures relating thereto as promulgated by the Board of Governors[.]
59 O.S. 1991, § 328.19[59-328.19].
¶ 4 A dental hygienist has been legislatively defined as:
 [A]n individual who has fulfilled the educational requirements and is a graduate of an approved school of dental hygiene and who has passed an examination and has been issued a certificate of ability by the Board of Governors and who is authorized to practice dental hygiene as hereinafter defined.
59 O.S. 1991, § 328.3[59-328.3](h).
¶ 5 The scope of practice of dental hygiene has been set forth legislatively:
 Any dentist may employ up to two registered dental hygienists. Such dental hygienists may remove lime deposits, accretions, and stains from exposed surfaces of the teeth, and directly beneath the free margin of the gum, give topical caries prevention treatment to the extracoronal surfaces of the teeth, and take x-rays pertaining to the field of dentistry and may perform other acts in accordance with the rules of prescribed duties, regulations and procedures promulgated by the Board of Governors. He may operate only in the office of a dentist, or in hospitals under the direct supervision of dentists; provided, Boards of Education or any organized health service may employ registered hygienists whose services shall be limited to the examination of teeth and the teaching of dental hygiene or as otherwise authorized by the Board of Governors.
59 O.S. 1991, § 328.34[59-328.34].
¶ 6 The Legislature has defined "dental assistant" and "dental nurse" as:
 [A]n individual working for the licensed dentist, under his supervision, and performing duties in the dental office including the limited treatment of patients in accordance with the provisions of this act. The dental assistant and/or dental nurse may assist the dentist with the patient; provided, this shall be done only under the direct supervision and control of the dentist and only in accordance with the educational requirements, rules and regulations promulgated by the Board of Governors.
59 O.S. Supp. 1995, § 328.3[59-328.3](i).
¶ 7 Reading the State Dental Act, 59 O.S. 1991 and Supp. 1996,§§ 328.1-328.51a, as a whole, we must conclude that the practice of dental hygiene is not exclusive but must cede to the practice of dental assistance pursuant to rules promulgated by the Board of Dentistry ("the Board"). The Legislature has expressed a clear intent to allow the Board to do so. To conclude otherwise renders nugatory provisions in the State Dental Act regarding dental assistants.
¶ 8 While the Legislature specified certain duties of dental hygienists and prohibited the unlicensed practice of dental hygiene, it has also specifically granted the Board some authority in regard to dental assistants — to set duties, standards for education, training and other certification requirements. This the Board has undertaken in Chapter 15 of its administrative rules, OAC 195:15-1-1 through 195:15-1-7.
¶ 9 Thus, even though the acts of dental assistants may at times overlap the duties of dental hygienists, the Legislature has said that the State Dental Act cannot be construed to prohibit the performing of such acts when done as provided in the Act. We opine that the Legislature's specific grant of authority to the Board to promulgate rules for the practice of dental assistance does not run afoul of the general prohibition on practicing dental hygiene in that the Legislature likewise authorized the practice of dental assistance. This allows both provisions to be given effect without doing harm to the other.
¶ 10 The primary legislative difference between dental hygiene and dental assistance is that dental assistants are required to work under the direct supervision of a dentist. The Board has defined "direct supervision" in OAC 195:15-1-3, which specifies that a dental assistant may perform a procedure which "is performed at the office and in response to a specific direction of such dentist personally present in the office area in which the duties are assigned and performed." OAC 195:15-1-3(a). In other words, dental assistants may not work other than in the immediate presence of a dentist and in response to specific instruction.
¶ 11 To the contrary, dental hygienists are but prohibited from practicing "dental hygiene in some other location than in an office of a dentist and under his supervision." 59 O.S. 1991, §328.29[59-328.29](l).[2] The absence of the word "direct" indicates a legislative intent that hygienist practice under the general supervision of a dentist, not within the dentist's immediate supervision.
¶ 12 We conclude that the Legislature expressed an intent to allow both dental hygienists and dental assistants to perform procedures set forth in Section 328.34 but required different amounts of supervision for the two types of occupations. Thus, a dental assistant who assists a dentist under direct supervision to perform procedures as authorized by the rules of the Board does not violate Section 328.49(B)(2).
¶ 13 In your second question you asked whether current rules of the Board comply with Section 250.3 of the Oklahoma Administrative Procedures Act, 75 O.S. 1991 and Supp. 1996, §§250-323 ("the APA"). The APA requires administrative agencies to promulgate every "statement or group of related statements of general applicability and future effect that implements, interprets or prescribes law or policy, or describes the procedure or practice requirements of the agency." 75 O.S. Supp.1996, § 250.3[75-250.3](2). The Board's Rule, OAC 195:15-1-4, seeks to implement provisions of the Act related to dental assistants and to describe the procedures for the certification of dental assistants:
 The Board of Governors may establish eligibility requirements of experience, knowledge and/or education for those dental assistants and/or dental nurses who participate in training courses approved by the Board. The names of those dental assistants and or dental nurses who successfully complete training as approved by the Board will be registered by the Board, and the Board may establish a fee for such initial registration and annual renewal of registration.
OAC 195:15-1-4.
¶ 14 On its face, OAC 195:15-1-4 does not with any specificity set forth any education requirement for dental assistants but merely references that the Board may do so. Our review of the Board's rules reflects that no provision therein expresses the requisite education and training. Thus, on its face, the Board's present rule does not meet the standard required by the APA and so is insufficient.
¶ 15 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Title 59 O.S. Supp. 1996, § 328.49[59-328.49], does not make itunlawful for dental assistants to perform, under the directsupervision of a dentist, the duties and services of dentalhygienists provided in 59 O.S. 1991, § 328.34[59-328.34] and OAC195:15-1-3(b)(1)-(3).
 2. The Board of Dentistry Rule, OAC 195:15-1-4, regardingeducation and certification requirements and regarding directsupervision of dental assistants is not adequate to comply withpromulgation requirements of 75 O.S. Supp. 1996, § 250.3(2).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JAMES ROBERT JOHNSON ASSISTANT ATTORNEY GENERAL
[1] "The Board of Governors of the Registered Dentists of Oklahoma" is now referred to as the "Board of Dentistry." 59O.S. Supp. 1996, § 328.7[59-328.7](A).
[2] We note that notwithstanding Section 328.29, dental hygienists who operates with dentists in hospitals must do so under "direct supervision." 59 O.S. 1991, § 328.34[59-328.34]. Thus, in that venue, we must conclude the higher standard of supervision has been mandated by the Legislature.