Dear Senator Haney,
¶ 0 This office has received your letter asking for an official Opinion in which you ask, in effect, the following question:
 Pursuant to 70 O.S. Supp. 1997, § 509.7[70-509.7], when an impasse is reached in negotiations between a district board of education and the bargaining agent for employees, the items causing impasse shall be referred to a three-member fact-finding committee. If either party rejects one or more of the committee's recommendations, are all of the committee's recommendations deemed rejected, thus reopening all of the issues submitted to the fact-finding committee? Or, are only the items which are subject to further negotiation rejected?
¶ 1 Title 70 O.S. 1991 and Supp. 1997, §§ 509.1 — 509.10 is known as the Negotiation Between School Employees and Districts Act ("the Act"). The Legislature has clearly stated that the purpose of the Act is "to strengthen methods of administering employer-employee relations through the establishment of an orderly process of communication between school employees and the school district." 70 O.S. 1991, § 509.1[70-509.1].
¶ 2 Your question requires the analysis of the language of 70O.S. Supp. 1997, § 509.7[70-509.7] which states in pertinent part as follows:
 A procedure for resolving impasses will be developed by the board of education and the representatives of the organization. Said procedure shall include the actions set forth in this section and may include such other actions as are agreed to by both parties. . . .
 A. . . . Upon reaching of impasse, the items causing the impasse shall be referred to a three-member fact-finding committee. . . .
 B. . . . [T]he representatives who have been negotiating for the board and for the organization shall meet to exchange written language on each item at impasse. The exchanged documents shall also be furnished by each party to the chairperson and other members of the committee.
. . . .
 D. If either party decides it must reject one or more of the committee's recommendations . . . the representatives shall exchange written statements expressing each party's rationale for rejecting each recommendation found unacceptable and shall attempt to clarify any remaining differences. The representatives shall then resume good faith effort to resolve the remaining differences. . . .
 E. . . . If the effort to resolve differences is unsuccessful, the local board of education shall forward to the State Superintendent of Public Instruction in writing its final disposition of the negotiations impasse process. . . .
70 O.S. Supp. 1997, § 509.7[70-509.7] (emphasis added).
¶ 3 Section 509.8 of the Act provides that the procedure for resolving impasse, as set out in Section 509.7, "shall be the exclusive recourse of the organization. It shall be illegal forthe organization to strike or threaten to strike as a means ofresolving differences with the board of education." 70 O.S.1991, § 509.8[70-509.8] (emphasis added). As discussed in the case law below, this exclusive process places a special duty on the parties, recognized at law, to resolve impasse for the benefit of the public.
¶ 4 As a caveat, we should note that Section 509.7 of Title 70 provides that the procedures "may include such other actions asare agreed to by both parties." That is, both parties may well agree on terms and conditions before submission of disputed items to the fact finder. For example, an agreement could be reached that all fact finder items must be agreed to by both parties or all are lost.
¶ 5 In Association of Classroom Teachers v. ISD-89, the Oklahoma Supreme Court stated:
 Under Oklahoma law, the statutory right of professional educators to collectively bargain or negotiate is counterbalanced by the statutory language which makes the provisions of 70 O.S. 1971, § 509.7[70-509.7] the exclusive recourse of professional educators in agreeing upon the terms of their employment and makes it illegal to strike or threaten to strike.
 We therefore concluded that the statutes have imposed a legal duty . . . upon boards of education and educators with regard to negotiating contracts and resolving impasse in negotiations.
Association of Classroom Teachers v. ISD-89 of Oklahoma County,540 P.2d 1171, 1174 (Okla. 1975) (emphasis added).
¶ 6 In ISD-89 v. Oklahoma City Federation of Teachers, the Oklahoma Supreme Court has stated that the cardinal rule in construing legislation is to determine the intention of the Legislature. We are directed to look to all the various portions of the legislative enactments upon a particular subject, including subsequent enactments, and construe the statute as a whole to determine meaning. Independent School District 89 v.Oklahoma City Federation of Teachers, 612 P.2d 719, 721 (Okla. 1980) ("ISD-89 v. OCFT").
¶ 7 Section 509.7(A) states that "the items causing theimpasse shall be referred" to a "fact-finding committee." In subsection B the negotiating parties are directed to make a written exchange on each item that is at impasse. In subsection D, the negotiating parties are allowed to reject one or more of
the fact-finding committee's recommendations regarding each impasse item submitted with the further instruction to give a written rationale for the rejection which shall include an attempt to resolve any remaining differences. The subsection is silent as to the disposition of any item of negotiation upon which the parties have agreed, but shows a methodology of progression toward resolving the impasse step-by-step. As this methodology is the exclusive remedy for Oklahoma school employees, our Supreme Court has held that "[t]he legal duty imposed by law regarding resolution of impasse in Board-Teacher labor relations is unequivocal." Association of ClassroomTeachers v. ISD-89, 540 P.2d 1171, 1175 (Okla. 1975).
¶ 8 In ISD-89 v. OCFT, the Oklahoma Supreme Court further instructed that in construing statutes, "harmony, not confusion, is to be sought." 612 P.2d at 722. This proposition has found support in Oklahoma law for some time. See Rogers v. OklahomaTax Commission, 263 P.2d 409, 412-413 (Okla. 1953). "The Court will not presume that in enacting legislation or amendments to legislation, the Legislature has done a vain or useless act."ISD-89 v. OCFT at 723 citing In re Supreme CourtAdjudication, 597 P.2d 1208, 1210 (Okla. 1979).
¶ 9 We are directed by the Oklahoma Supreme Court to read the Act and all of its provisions in light of its statement of purpose. ISD-89 v. OCFT at 723. The purpose set out in the Act is, "to strengthen methods of administering employer-employee relations through the establishment of an orderly process of communications." 70 O.S. 1991, § 509.1[70-509.1]. It is clear that the Legislature intended the Act to move negotiating parties step-by-step, with the assistance of a fact-finding committee, from impasse to resolution of each item of disagreement.
¶ 10 Accordingly, we can conclude that the Legislature enacted the Negotiation Between School Employees and Districts Act, 70O.S. 1991 and Supp. 1997, §§ 509.1 — 509.10, with the intention of creating an exclusive remedy for resolving disputes in school board-school employee labor negotiations. Section 509.8 of the Act makes strikes illegal. The method set out in statute for the resolution of disputes, requiring the use of a fact-finding committee, is intended to incrementally move the disparate positions of the negotiating parties to an ultimate mutual agreement of all disputed items. Section 509.7 does provide that following an impasse the statutory procedure "may include suchother actions as are agreed to by both parties." Lacking such prior agreements, to read Section 509.7 of the Act in a manner that would allow successfully negotiated items to be casually, or spitefully, discarded or recalled by either party because of one or more remaining items left in dispute, would be to read confusion into the resolution methods mandated in the Act, and
held by the Oklahoma Supreme Court to be the duty of the parties to accomplish in negotiations.
¶ 11 It is, therefore, the official Opinion of the AttorneyGeneral that:
 The Negotiation Between School Employees and Districts Act at 70 O.S. 1991 and Supp. 1997, §§ 509.1 — 509.10, the exclusive recourse allowed to school employees by law, imposes a legal duty upon boards of education and school employees to negotiate contracts and resolve any impasse in negotiations. When an impasse is reached, the statute allows that both parties may agree to additional conditions to be imposed on the fact finding committee. The statutory scheme enacted by the Legislature is designed to move the parties from impasse to agreement. Therefore, recommendations of the fact-finding committee that are not affirmatively rejected by either party are deemed resolved, and subsequent negotiations, if any, are restricted only to the items remaining at impasse.
 W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
 JOHN M. McCORMICK ASSISTANT ATTORNEY GENERAL