2016 OK CIV APP 35

**Robin Kay ANDERSON,**
**Plaintiff/Appellee,**

v.

**Salesha WILKEN, Newspaper Holdings, Inc. d/b/a Claremore Daily Progress, Defendants/Appellants.**

Case Number: 113917

Court of Civil Appeals of Oklahoma,
Division No. 4,
**DIVISION IV.**

Decided: 11/30/2015

Mandate Issued: 05/25/2016

Gary L. Richardson, Charles L. Richardson, Melissa A. East, Mbilike Mwafulirwa, Richardson Richardson Boudreaux, Tulsa, Oklahoma, for Plaintiff/Appellee.

Michael Minnis, S. Douglas Dodd, Doerner, Saunders, Daniel & Anderson, L.L.P., Oklahoma City, Oklahoma, for Defendants/Appellants.

P. THOMAS THORNBRUGH, JUDGE:

¶1 Defendants Salesha Wilken and Newspaper Holdings, Inc. d/b/a Claremore Daily Progress (Newspaper) appeal the "deemed denial" of Newspaper's motion to dismiss a false light invasion of privacy suit brought by Plaintiff Robin Kay Anderson (Anderson). On review, we find that the trial court has not held a hearing on this motion, and we have no reviewable order. The current proper remedy pursuant to the Oklahoma Citizens Participation Act (OCPA), 12 O.S. Supp. 2014 §§ 1430 through 1440, is a writ ordering the court to hold a hearing. We therefore interpret Newspaper's appellate petition as one seeking a writ, and grant same.

## BACKGROUND

¶2 In August 2014, Anderson sued Newspaper alleging false light invasion of privacy resulting from Newspaper's reporting. In December 2014, Newspaper filed a motion to dismiss this suit pursuant to the OCPA. The initial trial judge recused, and no hearing was set within the statutory time required by OCPA § 1433. In April 2015, the court issued an "order" stating that, because it had failed to set a hearing within the required statutory time, Newspaper's motion to dismiss was, itself, "deemed denied" pursuant to OCPA § 1437. Newspaper then appealed this denial of its motion. Newspaper does not appeal the finding that the motion was "deemed denied" by operation of law, but argues that the motion should have been granted by the trial court. Anderson also filed a motion to dismiss Newspaper's appeal on jurisdictional grounds, arguing that the OCPA was not invoked in the action. The Supreme Court deferred action on this motion to the decisional stage, and denied Anderson's motion to retain this case.

## STANDARD OF REVIEW

¶3 We have no established standard of review in this matter as this appears to be a matter of first instance. A court's *denial* of a motion to dismiss is not traditionally a final order, and we have no standard of review for such a denial.[1] Nor can we apply the standards traditionally used to review the *granting* of a motion to dismiss. In a tradi-

---

1. *See State ex rel. Bd. of Regents of Univ. of Oklahoma v. Lucas*, 2013 OK 14, ¶ 11, 297 P.3d 378, noting that neither the denial of a motion to dismiss on jurisdictional grounds nor the denial of a motion to dismiss on the merits is a final order. *Lucas* is further explicit that neither order may be certified for appeal pursuant to 12 O.S. § 952.

tional motion to dismiss, the trial court "takes as true all of the factual allegations together with all reasonable inferences that can be drawn from them." *Wilson v. State ex rel. State Election Bd.*, 2012 OK 2, ¶ 4, 270 P.3d 155, and dismissal will be granted "only when there are no facts consistent with the allegations under any cognizable legal theory or there are insufficient facts under a cognizable legal theory." *Id.* Further, the party moving for dismissal bears the burden of proof to show the legal insufficiency of the petition. *Tuffy's, Inc. v. City of Oklahoma City*, 2009 OK 4, ¶ 6, 212 P.3d 1158.

▮ ¶ 4 In a statutory dismissal proceeding pursuant to the OCPA, however, none of these standards apply. The burden is not on the moving party but is on the plaintiff. Section § 1434(B) requires the movant—here Newspaper—to show only that the case "relates to the right of free speech" and the burden then shifts to the plaintiff—here Anderson. Nor may the plaintiff rely on the facts pled in an OCPA dismissal proceeding. The plaintiff is not required to establish the legal sufficiency of his or her petition, but to establish "by clear and specific evidence a *prima facie* case for each essential element of the claim in question." OCPA § 1434(C). If we were to apply the traditional standard of review, this Court would utilize entirely different decisional standards from those applied in the trial court. We cannot review an OCPA denial of dismissal by the established standards because the OCPA trial court procedure is incompatible with the established standard of review.

¶ 5 We must therefore make an initial legal analysis of the statute. This statutory interpretation is a *de novo* question. We interpret the terms of a statute according to their plain and ordinary meaning, unless contrary to the purpose and intent of the statute. *South Western Okla. Dev. Auth. v. Sullivan Engine Works, Inc.*, 1996 OK ¶ 9, 19, 910 P.2d 1052. We must interpret statutes in a manner which renders every word and sentence operative, not in a manner which renders a specific statutory provision nugatory. *In re Supreme Court Adjudication, Etc.*, 1979 OK 103, ¶ 7, 597 P.2d 1208.

## ANALYSIS

### I.  APPEAL OR WRIT?

¶ 6 Before proceeding to review the merits of the decision, we must interpret the OCPA to determine if an appealable order is before us. Newspaper argues that, despite the absence of any proceedings in the district court, we are presented with a final order for review pursuant to the OCPA. We disagree. Title 12 O.S. Supp. 2014 § 1437 provides that:

A.  If a court does not rule on a motion to dismiss filed pursuant to Section 3 of the Oklahoma Citizens Participation Act in the time prescribed by Section 5 of the act, the motion shall be considered denied by operation of law and the moving party may appeal.

B.  An appellate court shall expedite an **appeal or other writ**, whether interlocutory or not, from a trial court order on a motion to dismiss a legal action filed pursuant to Section 3 of this act or from a trial court's failure to rule on that motion in the time prescribed by Section 5 of this act. (Emphasis added).

¶ 7 Newspaper bases its appeal on Subsection A of § 1437, arguing that, because the court failed to set a hearing date, the unheard motion to dismiss is denied as a matter of law, and this tacit denial has become an appealable order. However, Subsection B of § 1437 contemplates both *appeals and writs*. If *any* failure in an OCPA proceeding results in an appealable order, the writ portion of this section is an alternate or redundant action. Some action of the district court in an OCPA proceeding must therefore be subject to writ. Delving deeper into the statutory construction, we note that the OCPA procedure states a *mandatory duty* by the district court to set hearing:

A.  A hearing on a motion filed pursuant to Section 3 of the Oklahoma Citizens Participation Act **shall** be set **no later than sixty (60) days after the date of service of the motion** unless the docket conditions of the court require a later hearing, upon a showing of good cause, or by agreement of the parties, but **in no event shall the hearing occur more than ninety (90)**

days after service of the motion to dismiss, except as provided by subsection C of this section.

B.  In the event that the court cannot hold a hearing in the time required by subsection A of this section, the court may take judicial notice that court docket conditions required a hearing at a later date, but **in no event shall the hearing occur more than ninety (90) days after service of the motion to dismiss,** except as provided by subsection C of this section.[2]

12 O.S. Supp. 2014 § 1433 (emphasis added).

¶ 8 The next section, 1434, provides that:

A.  The court shall **rule** on a motion filed pursuant to Section 3 of the Oklahoma Citizens Participation Act no later than thirty (30) days **following the date of the hearing** on the motion. (Emphasis added).

¶ 9 The statute places two duties on the district court: 1) to **set hearing** within 60/90 days; and 2) to **rule** on the motion within 30 days of the hearing. Section 1437 states that if a court does not **rule** on a motion to dismiss after hearing, the motion is deemed denied. It does not state that the failure to *set a hearing* results in a denial. We therefore hold that **the failure to set a hearing does not result in the motion being deemed denied.**

¶ 10 This interpretation of the Act is consistent with existing procedure, and gives meaning to the statutory provisions regarding a writ. Further, this procedure is compatible with the longstanding norms of appellate practice, in that it avoids this Court *directly replacing the trial court as the first-instance arbiter of a fact-dependent question.* It avoids the creation of a "trial *de novo*" procedure in the appellate courts that has not previously existed in Oklahoma tort law, and for which we have no established procedures.[3] Finally, this decision resolves the unusual situation before us, in which the trial court made an order *agreeing*, in effect, that it had failed in its duty to set a hearing and *agreeing* that there was no good reason for that failure, i.e., no "docket conditions of the court require a later hearing." If the trial courts have *no duty* to hear OCPA cases, but may simply send them to the appellate court by inaction, the appellate courts must necessarily assume the function of holding trial on these motions. Not being a *nisi prius* court, this is a function we have never traditionally performed, and for which we have no established procedure.

¶ 11 We therefore interpret the OCPA as placing a duty upon the district court to set and hold hearing pursuant to the statutory provisions; and as providing for a writ to require the court to fulfill its statutory duty. Because the court has not set and held a hearing on the matter, we currently have no appealable order to review. Consequently, we interpret Newspaper's appellate petition as one *seeking a writ* compelling the district court to follow the statutory hearing procedure. The trial court's order clearly states that it has failed to set a hearing, and that no "docket conditions of the court require a later hearing." The failure of the trial court to perform the mandatory duty of the statute is clear, and thus requires the grant of writ.

¶ 12 As we do not currently have an appealable order before us, and the matter must be returned to the trial court for hearing on Newspaper's motion to dismiss, we do not address the other issues raised by the parties this time. Plaintiff's motion to dismiss the appeal is denied.

## CONCLUSION

¶ 13 Title 12 O.S. Supp. 2014 § 1432, mandates that the trial court set hearing on Newspaper's motion to dismiss **no later than 60 days after the date of service of the**

---

2.  Subsection C deals with extended deadlines if the court deems discovery is necessary. In this case no hearing was set within the statutorily accorded time, and no discovery allowed.

3.  The statute mandates that the court set a hearing date, and thus clearly identifies the issue as one that *cannot be decided by the court without a*

*hearing.* If the matter is one that cannot be decided without hearing, this appellate court may be required to hold an *initial trial on the matter* to determine the correct result. Such a procedure is foreign to Oklahoma appellate jurisprudence, and we have no established procedure for doing so.

**motion** unless the docket conditions of the court require a later hearing, upon a showing of good cause, or by agreement of the parties, but **in no event shall the hearing occur more than 90 days after service of the motion to dismiss.** We therefore order the district court to comply with the requirements of the OCPA and, upon mandate of this opinion, set and hold a hearing in the times required by statute. If no judge in the district is available because of conflicts, the court must follow the procedure for bringing in a judge from outside the district to hear this matter.

¶14 **PETITION CHARACTERIZED AS SEEKING A WRIT—WRIT GRANTED.**

RAPP, P.J., and BARNES, J., concur.