BS&B SAFETY SYSTEMS v. EDGERTON
2023 OK 89
Case Number: 121230
Decided: 09/19/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2023 OK 89, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

BS&B SAFETY SYSTEMS, L.L.C., a foreign limited liability company, Plaintiff/Appellee,
v.
MATT EDGERTON, Defendant/Appellant.

APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY
Hon. Tracy Priddy, District Judge

¶0 Appeal and the relief requested is recast as an original jurisdiction supervisory proceeding with an application to assume original jurisdiction and a request for a writ of mandamus. Original jurisdiction is assumed and writ is issued. District Court's order deeming appellant's motion to dismiss as denied by operation of law is vacated, and the assigned judge in the District Court proceeding shall conduct a hearing on appellant's motion to dismiss that was filed pursuant to the Oklahoma Citizens Participation Act.

APPEAL RECAST TO A SUPERVISORY WRIT PROCEEDING; 
ORIGINAL JURISDICTION ASSUMED; MANDAMUS ISSUED; 
AND ORDER OF THE DISTRICT COURT VACATED WITH DIRECTIONS

Patricia A. Podolec, Oklahoma City, Oklahoma, for defendant/appellant.

Kate N. Dodoo, McAfee & Taft P.C., Oklahoma City, Oklahoma for plaintiff/appellee.

Jacob S. Crawford, Harrison M. Kosmider, McAfee & Taft P.C., Tulsa, Oklahoma, for plaintiff/appellee.

MEMORANDUM OPINION

EDMONDSON, J.

¶1 This Cause is hereby recast as an application to assume original jurisdiction and request for extraordinary relief. Federal Deposit Ins. Corp. v. Tidwell, 1991 OK 119820 P.2d 1338

¶2 Original jurisdiction is assumed. Okla. Const. art. 7, § 4. Maree v. Neuwirth, 2016 OK 62374 P.3d 750

¶3 Under the OCPA, a motion to dismiss filed pursuant to its provisions "shall" be set for hearing no later than 60 days after service, and this time period may be extended by the trial court to 90 days upon a showing of good cause, by agreement of the parties, or if docket conditions so require. In the event the district court allows for limited discovery, the date of the hearing may be extended beyond 90 days, but not more than 120 days after service of the motion. 12 O.S. 2021, § 1433

¶4 Under rules of statutory construction the term "may" in a statute denotes permissive or discretionary conduct, while the term "shall" denotes a command or mandate. Independent School Dist. # 52 v. Hofmeister, 2020 OK 56473 P.3d 475McIntosh v. Watkins, 2019 OK 6441 P.3d 1094American Airlines, Inc. v. State ex rel. Oklahoma Tax Comm'n, 2014 OK 95341 P.3d 56

¶5 The Legislature's intent with respect to the OCPA is clear -- to facilitate prompt resolution of a motion to dismiss by imposing clear, non-discretionary deadlines for the district court to follow. Paycom Payroll, LLC. v. The Honorable Thomas Prince, Case No. 119,654 (Rowe, J., concurring) (unpub. order, Oct. 19, 2021).

¶6 The May 4, 2023 order deeming Appellant's motion to dismiss denied by operation of law is hereby vacated. While the OCPA states that a failure to rule on a motion filed pursuant to the OCPA within 30 days of a hearing results in the denial of the motion by operation of law, nothing in the Act states that the failure to set a hearing results in a denial of the motion by operation of law. See 12 O.S. 2021, §§ 1434Anderson v. Wilken, 2016 OK CIV APP 35377 P.3d 149

¶7 Based on the foregoing, Appellee's motion to dismiss the appeal for lack of an appealable order is moot.

¶8 ALL JUSTICES CONCUR.