OSCN Found Document:BS&B SAFETY SYSTEMS v. EDGERTON

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 BS&B SAFETY SYSTEMS v. EDGERTON
2023 OK 89
Case Number: 121230
Decided: 09/19/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA

Cite as: 2023 OK 89, __ P.3d __

 

 

BS&B SAFETY SYSTEMS, L.L.C., a foreign limited liability company, Plaintiff/Appellee,
v.
MATT EDGERTON, Defendant/Appellant.

APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY
Hon. Tracy Priddy, District Judge

¶0 Appeal and the relief requested is recast as an original jurisdiction supervisory proceeding with an application to assume original jurisdiction and a request for a writ of mandamus. Original jurisdiction is assumed and writ is issued. District Court's order deeming appellant's motion to dismiss as denied by operation of law is vacated, and the assigned judge in the District Court proceeding shall conduct a hearing on appellant's motion to dismiss that was filed pursuant to the Oklahoma Citizens Participation Act.

APPEAL RECAST TO A SUPERVISORY WRIT PROCEEDING; 
ORIGINAL JURISDICTION ASSUMED; MANDAMUS ISSUED; 
AND ORDER OF THE DISTRICT COURT VACATED WITH DIRECTIONS

Patricia A. Podolec, Oklahoma City, Oklahoma, for defendant/appellant.

Kate N. Dodoo, McAfee & Taft P.C., Oklahoma City, Oklahoma for plaintiff/appellee.

Jacob S. Crawford, Harrison M. Kosmider, McAfee & Taft P.C., Tulsa, Oklahoma, for plaintiff/appellee.

MEMORANDUM OPINION

EDMONDSON, J.

¶1 This Cause is hereby recast as an application to assume original jurisdiction and request for extraordinary relief. Federal Deposit Ins. Corp. v. Tidwell, 1991 OK 119, ¶ 11, 820 P.2d 1338 (Court may exercise its discretion to recast a non-appealable order as an original action when issues of first impression are presented).

¶2 Original jurisdiction is assumed. Okla. Const. art. 7, § 4. Maree v. Neuwirth, 2016 OK 62, ¶ 1, 374 P.3d 750. A writ of mandamus is issued directing the assigned judge in Case No. CJ-2022-03359, District Court of Tulsa County, to, within 30 days of this order, conduct a hearing on Appellant's motion to dismiss filed pursuant to the Oklahoma Citizens Participation Act (OCPA).

¶3 Under the OCPA, a motion to dismiss filed pursuant to its provisions "shall" be set for hearing no later than 60 days after service, and this time period may be extended by the trial court to 90 days upon a showing of good cause, by agreement of the parties, or if docket conditions so require. In the event the district court allows for limited discovery, the date of the hearing may be extended beyond 90 days, but not more than 120 days after service of the motion. 12 O.S. 2021, § 1433.

¶4 Under rules of statutory construction the term "may" in a statute denotes permissive or discretionary conduct, while the term "shall" denotes a command or mandate. Independent School Dist. # 52 v. Hofmeister, 2020 OK 56, ¶ 35, 473 P.3d 475. The cardinal rule of statutory construction is to ascertain and give effect to the legislative intent and purpose as expressed by the statutory language. McIntosh v. Watkins, 2019 OK 6, ¶ 4, 441 P.3d 1094. Legislative intent will be ascertained from the whole act in light of its general purpose and objective. American Airlines, Inc. v. State ex rel. Oklahoma Tax Comm'n, 2014 OK 95, ¶ 33, 341 P.3d 56.

¶5 The Legislature's intent with respect to the OCPA is clear -- to facilitate prompt resolution of a motion to dismiss by imposing clear, non-discretionary deadlines for the district court to follow. Paycom Payroll, LLC. v. The Honorable Thomas Prince, Case No. 119,654 (Rowe, J., concurring) (unpub. order, Oct. 19, 2021).

¶6 The May 4, 2023 order deeming Appellant's motion to dismiss denied by operation of law is hereby vacated. While the OCPA states that a failure to rule on a motion filed pursuant to the OCPA within 30 days of a hearing results in the denial of the motion by operation of law, nothing in the Act states that the failure to set a hearing results in a denial of the motion by operation of law. See 12 O.S. 2021, §§ 1434 and 1437. Anderson v. Wilken, 2016 OK CIV APP 35, ¶ 9, 377 P.3d 149.

¶7 Based on the foregoing, Appellee's motion to dismiss the appeal for lack of an appealable order is moot.

¶8 ALL JUSTICES CONCUR.

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases

 
Cite
Name
Level

 
2016 OK CIV APP 35, 377 P.3d 149, 
ANDERSON v. WILKEN
Discussed

Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
1991 OK 119, 820 P.2d 1338, 62 OBJ 3541, 
Federal Deposit Ins. Corp. v. Tidwell
Discussed

 
2014 OK 95, 341 P.3d 56, 
AMERICAN AIRLINES, INC. v. STATE ex rel. OKLAHOMA TAX COMMISSION
Discussed

 
2016 OK 62, 374 P.3d 750, 
MAREE v. NEUWIRTH
Discussed

 
2019 OK 6, 441 P.3d 1094, 
MCINTOSH v. WATKINS
Discussed

 
2020 OK 56, 473 P.3d 475, 
INDEPENDENT SCHOOL DISTRICT # 52 v. HOFMEISTER
Discussed

Title 12. Civil Procedure

 
Cite
Name
Level

 
12 O.S. 1433, 
Hearing on a Motion to Dismiss - Discovery
Cited

 
12 O.S. 1434, 
Ruling on a Motion to Dismiss - Standard of Proof
Cited

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA