STATE of Oklahoma, ex rel. C. W. SMITH, Jerry Black, James C. Meade, Jack Schwab, William C. Brown, Don W. Fitzgerald, Jon Conard and Paul Hudiburg, Petitioners,

v.

The BANKING BOARD of the State of Oklahoma and Donald Van Horn, Acting Bank Commissioner of the State of Oklahoma, Respondents.█

No. 53251.

Supreme Court of Oklahoma.

May 27, 1980.

Rehearing Denied Oct. 14, 1980.

Kothe, Nichols & Wolfe, Inc., by Jerry R. Nichols, Thomas P. Nally, Tulsa, Robert H. Mitchell, Oklahoma City, for petitioners.

Donald Van Horn, Acting Bank Com'r of the State of Okl., Jan Cartwright, Atty. Gen., by John J. Akins, Asst. Atty. Gen., Oklahoma City, for respondents.

HARGRAVE, Justice.

In this original action, Petitioners, the organizers of the proposed First Hefner State Bank of Oklahoma City, seek writs of prohibition and mandamus against the Respondent Banking Board. The writ of mandamus is sought to compel the Banking

Board to hear evidence of changed conditions and to permit First Hefner to amend the proposed location of their bank. Rockwell Bank (proposed) has intervened in this action because First Hefner seeks to prohibit the Banking Board from granting Rockwell Bank (proposed) a charter in the same trade area and at the same location where First Hefner wants to relocate.

As this case has quite a history before this Court, a bit of background information is necessary. The trade area involved is in northwest Oklahoma City. The original controversy began with Wilshire Bank's application for a charter to serve the trade area mentioned above. It appears that Wilshire's application was denied by the Banking Board and that decision was affirmed by the Court of Bank Review. Wilshire sought certiorari from this Court to the Court of Bank Review which was granted and remanded with instructions to separately state specific findings in support of any order made. When this remand order was disobeyed, Wilshire again sought certiorari from this Court in 1975, and while that action was pending, the Banking Board granted First Hefner's application for a bank charter at virtually the identical location that Wilshire had sought to be chartered. The Court of Bank Review affirmed the grant of First Hefner's charter and Wilshire sought a writ of prohibition before this Court to prohibit the granting of Hefner's charter until the outcome of Wilshire's certiorari action. (See *Brown v. Banking Board*, 579 P.2d 1267, (Okl.1978)). While this action was pending, a national bank was chartered at a location 1¼ miles southeast of the Wilshire and Hefner location: Lakeshore National Bank. In *Brown v. Banking Board*, [*Brown* II], this Court remanded the Wilshire application with directions to issue Wilshire's charter. In addition, this Court assumed original jurisdiction and granted the writ of prohibition prohibiting Banking Board from issuing First Hefner's charter and ordering the Board to conduct further hearings on Hef-

ner's application "in light of the ordered issuance of Wilshire's charter and the existence of Lakeshore National Bank."

It is at this point that the current actions by the Banking Board that Hefner complains of arose. This Court's remand order in *Brown* II was issued in May, 1978. It appears that various negotiations took place subsequent to that order, including apparent consideration of merging Wilshire and Hefner banks. Meanwhile, in October, 1978, organizers of the proposed Rockwell Bank [Rockwell] applied for a charter in the same trade area as that sought to be served by Hefner, at a location near the intersection of Rockwell and Northwest Expressway in Oklahoma City. Rockwell mailed notices of a hearing on their application, one of which was received by Hefner's attorney on or about November 10, 1978. Then, in a letter to the Banking Board dated December 4, Hefner's attorney requested the remand hearing for Hefner, pursuant to this Court's mandate in *Brown* II, and also of Hefner's intent to amend its proposed location to the intersection of Rockwell and Northwest Expressway, a move of approximately 1¼ miles from the original location proposed by Hefner.

At the hearing on the remand order, held December 18, 1978, the Banking Board denied Hefner's amendment to change their location and advised Hefner that evidence at a later hearing would be accepted on the Hefner application only as to changed conditions *at the original location*, which is across the street from the now–chartered Wilshire Bank. The Banking Board approved Rockwell's charter on January 25. First Hefner now seeks to prohibit Rockwell's charter from issuing until a determination is made on Hefner's pending application. Writ of mandamus is sought to compel the Board to grant Hefner's amendment as to location and changed conditions.

■ While this Court cannot order the Board to grant Hefner's amendment, it can

grant relief when the Board has abused its discretion. See *Brown II,* supra. In this instance, we believe the Board acted arbitrarily in refusing to hear evidence as to changed conditions *in the trade area* which might warrant a change of location by Hefner to better serve the public need in the particular trade area. The Board stated at the hearing that they believed that this Court's remand order in *Brown II* restricted their hearing to only evidence of changed conditions *at the original* location. We find no such restriction in our reading of *Brown II*. Indeed the very wording of the remand itself seems to anticipate a consideration of changed conditions in the *trade area* ·because the order is for the Board to conduct further hearings in light of the existence of both Wilshire *and* Lakeshore, implying the necessity for determining whether a need exists for another bank *in the area*. Had the Court's intent been to so restrict the order, the remand could have simply restricted the hearing to whether two banks were feasible at the same location. In addition, in discussing the Banking Board's refusal to hear evidence of changed conditions for Wilshire in *Brown II*, we stated at p. 1272:

> Obviously, nothing in our mandate in *Brown I* precluded the Board from hearing additional evidence tending to establish the current economic status of the proposed trade area of the Wilshire Bank; or receiving additional evidence upon the issues of service of the public interest and potential for success of Wilshire.

Mandamus shall issue to compel the Banking Board to hear evidence of changed conditions in the trade area in conjunction with the effect that a new location for Hefner would have on serving the public need in the area. Obviously, as was noted in the transcript, to restrict Hefner's remand to evidence of need for another bank at the MacArthur location *only*, effectively precludes Hefner at the outset. Counsel for Wilshire stated that part of their decision not to merge with Hefner was based on their belief that the chances of Hefner being chartered at that location were slim indeed.

■ In light of our decision that mandamus will issue, we must also prohibit the granting of Rockwell's charter pending the outcome of Hefner's hearing. To permit Rockwell's charter to be granted would render a hearing on Hefner's evidence a nullity. That is, by granting Rockwell's charter, the determination has then already been made that a need exists for another bank in the trade area without even considering Hefner in the process. We believe that the summary granting of Rockwell's charter with little or no account taken of Hefner was arbitrary and an abuse of discretion by the Banking Board who knew of Hefner's pending application *in the same trade area,* regardless of which location the Board felt was proper.

Rockwell applied for its charter, knowing of the pendency of Hefner's application, although Rockwell organizers testified that they believed Hefner had abandoned its application. Yet no attempt by Rockwell to find out from the Hefner organizers is shown and their belief appears to be based on information relayed to them by a former Bank Board Commissioner. Rockwell was aware of the likely overabundance of banks in the area as the Wilshire and Lakeshore banks were chartered with Hefner's application pending. We see Rockwell as facing the same evidentiary problems with regard to showing the need for another bank in the trade area, whether Hefner was located at its old or the proposed new location. We view the issue as being the necessity for a certain number of banks to serve the trade area, *not* necessarily the exact location of the banks.

We feel that the Banking Board abused its discretion in permitting Rockwell's charter to be granted while Hefner's application was pending in. the same trade area upon remand order of this Court. The grant of Rockwell's charter effectively precluded

Hefner from having a chance to prove a need for another bank at either the old *or* new location because that determination had already been made in Rockwell's favor, in effect drying up the trade area for the present.

■ This Court has the power on original jurisdiction to correct an abuse of discretion or compel action where the action taken is arbitrary . . . even though the officer is vested with judgment and discretion. *State v. Walker*, 168 Okl. 543, 35 P.2d 269 (1934).

Inasmuch as we are dealing with the same trade area, even if the Banking Board did not abuse its discretion by refusing to hear Hefner's evidence on change of location and changed conditions, the Board still should not have granted Rockwell's application until Hefner's remand hearing was held. Supposing that the Board had heard Hefner's evidence as to a need at the original location and determined that another bank was feasible to serve the trade area, since Rockwell's charter application had already been granted, that need was already filled.

What has happened in this case is that the Banking Board refused Hefner's amendment, then prejudiced Hefner's ability to justify the existence of the need for another bank at their old location. Without Rockwell's charter in the area, Hefner likely could have shown a need in the same trade area—now it will be virtually impossible to do so.

ORIGINAL JURISDICTION ASSUMED, WRIT OF MANDAMUS GRANTED, WRIT OF PROHIBITION GRANTED.

IRWIN, V. C. J., and WILLIAMS, BARNES, SIMMS and DOOLIN, JJ., concur.

LAVENDER, C. J., and HODGES, J., dissent.

OPALA, J., concurs in part; dissents in part.