2016 OK 62

Mamie MAREE, as Personal Representative of the Estate of Carla Sue Maree, deceased, Petitioner,

v.

Honorable Judge Gerald F. NEUWIRTH, Judge of the District Court for Comanche County, Respondent,

and

PSG–Willow Park, LLC, d/b/a Willow Park Health Care Center, Real Party in Interest.

Case No. 114,737

Supreme Court of Oklahoma.

FILED JUNE 7, 2016

L. Ray Maples, Glendell Nix and Nicole R. Snapp–Holloway, Maples, Nix & Diesselhorst, Oklahoma City, Oklahoma, for Petitioner.

Malinda S. Matlock and Kimberly A. Stevens, Pierce, Couch, Hendrickson, Baysinger & Green, L.L.P., Oklahoma City, Oklahoma, for Real Party in Interest, PSG–Willow Park, L.L.C. d/b/a Willow Park Health Care Center.

COMBS, V.C.J.

¶1 Mamie Maree, as personal representative of the estate of Carla Sue Maree (Carla Maree), deceased, (Petitioner) makes application to this Court to assume original jurisdiction and petitions for a Writ of Prohibition prohibiting the Honorable Gerald Neuwirth, District Judge of Comanche County, Oklahoma (Respondent) from enforcing his January 21, 2016, Order denying Petitioner's Motion to Amend Petition to add additional defendants. In addition, Petitioner petitions this Court for a Writ of Mandamus ordering Respondent to allow Petitioner to amend her Petition and add additional defendants. The Application to Assume Original Jurisdiction and Writ of Prohibition is hereby granted and Writ of Mandamus is denied.

## FACTS AND PROCEDURAL HISTORY

¶2 The deceased, Carla Maree, was a nursing home resident at Willow Park Health Care Center, Lawton, Oklahoma. On January 17, 2011, Carla Maree fell. Petitioner claims she fell due to the Defendant/Real Party in Interest's, PSG–Willow Park, L.L.C., d/b/a Willow Park Health Center (Nursing Home), failure to timely respond to a "call light" and provide Carla Maree with appropriate toileting and assistance. In addition, it is alleged the Nursing Home failed to contact a physician and other necessary health care providers for at least seven hours after the fall. On January 19, 2011, Carla Maree died.

¶3 On January 18, 2013, the Petitioner filed a Petition asserting Carla Maree's suffering and her ultimate death was caused by the negligence of the Nursing Home, corporately and/or by and through its servants, agents, and employees. Petitioner also asserted the Nursing Home as "owner/operator/licensee" of "Willow Park" violated provisions of the Oklahoma Nursing Home Care Act, 63 O.S. § 1–1901 et seq. and such violations were a direct cause of Carla Maree's injuries and death. In addition, Petitioner averred the Nursing Home breached its contract with Carla Maree by failing to provide physical care and supervision and breached its contract with the State of Oklahoma, Oklahoma Health Care Authority by failing to comply with federal and state laws and regulations concerning long-term nursing care facilities. Petitioner asserts Carla Maree was an intended third-party beneficiary of the Nursing Home's contract with the state.

¶4 On November 13, 2015, Petitioner filed a Motion to Amend the Petition to add additional defendants against whom she would plead allegations of direct negligence in the same character already described in her Petition. Petitioner's counsel claims that during

participation in ·other litigation against the same Defendant (*Carol West v. PSG–Willow Park et al.*, Comanche County Case no. CJ–2013–136) they became aware. of "certain individuals and entities ·intertwined amongst and actually part of the named. Defendant." Petitioner alleges Professional Service Group, LLC, Michael McCann, and Lucretia Parkey were partners/owners/lessors/managers of "Defendant Willow Park Health Care Center" at the time of Carla Maree's injury and death and directly participated in the daily activities and operations of "Willow Park." Petitioner asserts these individuals made important decisions in regards to staffing, budgeting, hiring and personnel issues, and policies and procedures, including safety measures and directives regarding medical and ·other resident/patient care and supervision. She also asserted there were issues of record keeping and numerous violations of proper reporting and violations of failure to meet the necessary standards of care for residents under state and federal law. In addition, Petitioner alleges Professional Service Group, LLC manages and directs the day to day operations of the "Willow Park facility" and Lucretia Parkey and Michael McCann directly participate in the management, control and operations of the Nursing Home. Petitioner also stated in her Motion to Amend that "because such direct claims will be properly alleged and proven, alter ego and other vicarious claims for liability would be properly added against these defendants." In response, the Nursing Home objected to the Motion to Amend Petition for the following reasons: 1) the statute of limitations barred the claims against these other individuals and entities; 2) Petitioner has caused undue delay in naming these parties, the amendment would be prejudicial to the Nursing Home; 3) such amendment would violate 12 O.S. § 682 because the statute prohibits claims against the officers, directors and shareholders of a company and/or the members and managers of a limited liability company for liability of the company; and 4) the claims against the proposed individuals do not relate back to Petitioner's original Petition.

¶ 5 A hearing was held on January 20, 2016, concerning Petitioner's Motion to Amend and after taking the issue under advisement the Respondent issued a minute order on January 21, 2016. The minute order stated:

> After consideration of the argument of [attorneys] & the briefs filed, the Court finds that the [plaintiff's] Motion to Amend should be denied based on 12 O.S. 682 (B). The Court finds that the conduct of the parties [plaintiff] wish to add was not in connection with or directly involved with the occurrence which is the action originally filed.

On February 25, 2016, Petitioner filed her Application to Assume Original Jurisdiction and Petition for Writs of Prohibition and Mandamus. ·

### STANDARD OF REVIEW

 ¶ 6 This Court assumes original jurisdiction in the exercise of our general superintending control over all inferior courts and all agencies, commissions and boards created by law under Okla. Const. Art. 7, § 4. *Baby F. v. Oklahoma County Dist. Court*, 2015 OK 24, ¶ 8, 348 P.3d 1080; *James v. Rogers*, 1987 OK 20, ¶ 5, 734 P.2d 1298. This Court has the power on original jurisdiction to correct an abuse of discretion or compel action where the action taken is arbitrary even though the officer is vested with judgment and discretion. *State ex rel. Smith v. Banking Bd.*, 1980 OK 84, ¶ 10, 612 P.2d 257. Before a writ of prohibition may issue, a petitioner must show: 1) a court, officer, or person has or is about to exercise judicial or quasi-judicial power; 2) the exercise of said power is unauthorized by law; and 3) the exercise of that power will result in injury for which there is no other adequate remedy. *Baby F. v. Oklahoma County Dist. Court*, 2015 OK 24, ¶ 8, 348 P.3d 1080; *James v. Rogers*, 1987 OK 20, ¶ 5, 734 P.2d 1298. The typical requirements for a writ of mandamus are: (1) The party seeking the writ has no plain and adequate remedy in the ordinary course of ·the law; (2) The party seeking the writ possesses a clear legal right to the relief sought; (3) The respondent (defendant) has a plain legal duty regarding the relief sought; (4) The respondent has refused to perform that duty; and (5) The respondent's duty does not involve the· exercise of

discretion. *Chandler (U.S.A.), Inc. v. Tyree,* 2004 OK 16, ¶ 24, 87 P.3d 598.

## ANALYSIS

■ ¶ 7 The Respondent's court minute denying Petitioner's request to add additional defendants relied solely upon 12 O.S. § 682 (B). At the time of the court's ruling this subsection provided:

> B. No suit or claim of any nature shall be brought against any officer, director or shareholder for the debt or liability of a corporation of which he or she is an officer, director or shareholder, until judgment is obtained therefor against the corporation and execution thereon returned unsatisfied. This provision includes, but is not limited to, claims based on vicarious liability and alter ego. **Provided, nothing herein prohibits a suit or claim against an officer, director or shareholder for their own conduct, act or contractual obligation arising out of or in connection with their direct involvement in the same or related transaction or occurrence.**

1. At the time the subject cause of action arose, January 2011, this statute read as follows:

 Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; it may determine the ultimate rights of the parties on either side, as between themselves, and it may grant to the defendant any affirmative relief to which he may be entitled. In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others whenever a several judgment may be proper. The court may also dismiss the petition with costs, in favor of one or more defendants, in case of unreasonable neglect on the part of the plaintiff to serve the summons on other defendants, or proceed in the cause against the defendant or defendants served.
 12 O.S. 2011, § 682.

Subsections B–E were added in 2013, and provide the provisions relied upon by the Nursing Home and the Court. In Petitioner's Notice of Supplemental Authority filed on April 19, 2016, she cites to an unpublished opinion of the Oklahoma Court of Civil Appeals to support a new theory that the 2013 amendments are not applicable to this case because they are substantive rather than procedural amendments which were enacted after the cause of action arose. Okla. Sup.Ct. R. 1.200 (C) (5) provides in pertinent part:

12 O.S. Supp. 2013, § 682; amended by 2013 Okla. Sess. Laws c. 265, § 1 (SB 1083) (emphasis added).[1]

Subsection D of this section, also added in 2013, provides that "[m]embers and managers of limited liability companies shall be afforded the same substantive and procedural protection from suits and claims as the protections provided to officers, directors and shareholder of a corporation as set forth in subsections B and C of this section." The Nursing Home asserts the proper time to assert claims against these proposed defendants is after a judgment has been obtained against the original defendant. We have not previously interpreted the 2013 amendments to 12 O.S. § 682.

¶ 7 The Nursing Home filed its answer to Petitioner's original Petition on February 27, 2015, and Petitioner filed her Motion to Amend on November 13, 2015. A party seeking to amend a pleading to add or drop parties, who does not have consent of the adverse party, must obtain leave of court when, as here, a responsive pleading has been served.[2] Title 12 O.S. 2011, § 2015 (A)

unpublished opinions are deemed to be without value as precedent and are not uniformly available to parties, opinions so marked shall not be considered as precedent by any court or cited in any brief or other material presented to any court, except to support a claim of res judicata, collateral estoppel, or law of the case. For the purposes of determining extraordinary relief, we do not need to make a decision as to whether or not subsection B of § 682 is procedural or substantive at this time, especially in light of the fact such argument was never presented to the district court and the unpublished opinion should never have been cited by the Petitioner in her brief.

2. Title 12 O.S. 2011, § 2015 (A) provides:

 A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty (20) days after it is served. Amendments to add omitted counterclaims or to add or drop parties may be made as a matter of course within the time specified above. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall respond to an amended pleading

also provides that "leave shall be freely given when justice so requires." Petitioner asserts the trial court acted arbitrarily in applying an incorrect standard and burden to the Motion to Amend. Although Petitioner's Motion to Amend plead allegations of direct negligence against the proposed defendants, Petitioner argues, the trial court's court minute effectively decided the merits concerning her claims against such defendants.

¶8 In *Fanning v. Brown*, the plaintiff, Fanning, filed a petition asserting legal theories of negligence and breach of contract against a defendant corporation who operated a long-term nursing care facility. 2004 OK 7, ¶22, 85 P.3d 841. She later sought to amend her petition in order to pierce the corporate veil and hold the corporate shareholders liable for the obligations and conduct of the corporation. *Id.* at ¶17. The shareholders moved to dismiss simply stating the general rule is that a shareholder is a separate entity that cannot be liable for the negligent acts of the corporation. *Id.* at ¶18. The trial court dismissed the case and the Oklahoma Court of Civil Appeals (COCA) affirmed. *Id.* This Court vacated COCA's opinion and affirmed in part and reversed in part the trial court's decision as well as remanded the matter to the trial court for further proceedings. We noted, Oklahoma became a notice pleading state in 1984 with the adoption of the Oklahoma Pleading Code, 12 O.S., § 2001 et seq. *Id.* at ¶19. Under the Pleading Code, Fanning was only required to set forth a short and plain statement of her claims so that the defendants would have fair notice of her claims and the grounds upon which they rest. *Id.* at ¶21. We determined she had given the defendants fair notice of her claims and the grounds upon which they rest. *Id.* at ¶22. We held that based upon the theories Fanning had asserted she must be afforded an opportunity to complete discovery so that the court will have a fully developed factual record to determine the issue. *Id.* We further determined "[a]t this stage of the proceedings it does not appear beyond a doubt that Fanning can prove no set of facts in support of her theories of recovery." We, however,

did not determine whether Fanning would prevail on her claims and provided the litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims. *Id.* at ¶¶ 21–22.

¶9 Although this case does not concern a motion to dismiss, the logic in *Fanning* is applicable. Here Petitioner has made allegations of direct negligence against the proposed defendants and stated such direct claims will be properly alleged and proven. If such allegations had been made in her original petition they would have amounted to a cognizable legal theory and provided fair notice as well as grounds upon which her claims rest. The trial court decided the merits without affording Petitioner an opportunity for discovery to develop her claims. We find this was error and warrants the granting of a Writ of Prohibition to prevent the trial court from enforcing its January 21, 2016, order.

■ ¶10 Petitioner has also requested this Court to issue a Writ of Mandamus ordering Respondent to allow Petitioner to amend her Petition and add the proposed additional defendants. Here, the parties concede that the statute of limitations has expired against these proposed defendants. The Nursing Home asserts the claims against the proposed defendants do not relate back to Petitioner's original Petition. The dispositive issue then rests upon whether the "relation back" provisions of 12 O.S. 2011, § 2015 (C) have been met. This subsection provides:

C. RELATION BACK OF AMENDMENTS. An amendment of a pleading relates back to the date of the original pleading when:

1. Relation back is permitted by the law that provides the statute of limitations applicable to the action; or

2. The claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; or

3. The amendment changes the party or the naming of the party against whom a

within the time remaining for response to the original pleading or within ten (10) days after the service of the amended pleading, whichev-

er period may be longer, unless the court otherwise orders.

 

claim is asserted if paragraph 2 of this subsection is satisfied and, within the period provided by subsection I of Section 2004 of this title for service of the summons and petition, the party to be brought in by amendment:

a. has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and

b. knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. An amendment to add an omitted counterclaim does not relate back to the date of the original answer.

The delivery or mailing of process to the Attorney General of Oklahoma, or an agency or officer who would have been a proper defendant if named, satisfies the requirements of subparagraphs a and b of this paragraph with respect to the State of Oklahoma or any agency or officer thereof to be brought into the action as a defendant.

Title 12 O.S. 2011, § 2015 (C).

The trial court made no ruling concerning this section of law. In order to determine whether the proposed defendants can be added the trial court will need to make a ruling concerning the relation back doctrine found in 12 O.S. 2011, § 2015 (C). We therefore deny the request for a Writ of Mandamus and remand this matter for further proceedings consistent with this opinion.

**APPLICATION TO ASSUME ORIGINAL JURISDICTION GRANTED; WRIT OF PROHIBITION GRANTED; WRIT OF MANDAMUS DENIED.**

ALL JUSTICES CONCUR