OSCN Found Document:OKLAHOMA ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH v. TIMMONS

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 OKLAHOMA ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH v. TIMMONS
2023 OK 102
Case Number: 121538
Decided: 10/24/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA

Cite as: 2023 OK 102, __ P.3d __

 

 

THE OKLAHOMA ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH, INC., a domestic not-for-profit corporation, THE BOARD OF TRUSTEES OF THE OKLAHOMA ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH, INC., a domestic not-for-profit corporation, JIMMY NUNN, Bishop of the Oklahoma Annual Conference, SAM POWERS, District Superintendent of the Heartland District of the Oklahoma Annual Conference, Petitioners,
v.
THE HONORABLE Aletia H. Timmons, Judge of the District Court of Oklahoma County, Respondent,
and
UNITED METHODIST CHURCH OF THE SERVANT, an incorporated religious association acting by and through its duly Elected Trustee, Real Party in Interest.

¶0 The Oklahoma Annual Conference of the United Methodist Church applied for writs of mandamus and prohibition against Respondent, after grants of mandatory injunctive relief. This Court previously granted writs of mandamus and prohibition by Order on October 5, 2023. We hold the doctrine of church autonomy applies and remand with instructions to dismiss.

WRITS OF MANDAMUS AND PROHIBITION PREVIOUSLY GRANTED; 
CASE REMANDED TO THE DISTRICT COURT OF OKLAHOMA COUNTY 
WITH INSTRUCTIONS TO DISMISS

Ross A. Plourde, Kate N. Dodoo, Peyton S. Howell, McAfee & Taft, Oklahoma City, Oklahoma, for Petitioners

Cheryl Plaxico, Plaxico Law Firm, P.L.L.C., Cara S. Nicklas, Ashley Ray, McAlister, McAlister & Nicklas, P.L.L.C., Oklahoma City, Oklahoma, for Real Party in Interest

KUEHN, J.:

¶1 The Church of the Servant is affiliated with the Oklahoma Annual Conference of the United Methodist Church (UMC). The congregation wished to undergo the process of disaffiliation from UMC while retaining its real property, as provided in Paragraph 2553 of the United Methodist Book of Discipline. Ultimately, Church of the Servant sued UMC in pursuit of this goal, and Respondent granted injunctive relief. We conclude that this remedy violates the doctrine of church autonomy, and Respondent lacked subject matter jurisdiction to hear the case. For this reason, we granted UMC's requested writs of mandamus and prohibition by Order on October 5, 2023.

Facts and Procedural History

UMC Disaffiliation Process

¶2 The General Conference is the United Methodist Church's (UMC) principal governing body. The General Conference enacts the Book of Discipline, UMC's governing document. The Book of Discipline includes both matters of doctrine and policy, and procedures for implementing them. Each church joining UMC agrees to abide by the requirements and provisions of the Book of Discipline. Individual churches have no ability to change those provisions. UMC has subordinate organizational levels. These include regional districts. The Oklahoma Annual Conference consists of clergy serving within Oklahoma along with an equal number of lay members elected by local churches. The General Conference also has a Judicial Council which decides disputes and controversies concerning doctrine and Book of Discipline provisions.

¶3 The general rule according to UMC's Book of Discipline is that a church may disaffiliate, but UMC retains the associated church property. In 2019 UMC enacted Paragraph 2553 of the Book of Discipline, an exception to that general rule. It provides an opportunity for congregations who disagree with UMC's doctrine related to the practice of homosexuality or the ordination or marriage of homosexuals, as provided in the Book of Discipline, to disaffiliate and keep their property. The process begins with notice to the UMC and an initial vote by the congregation (called a church conference), conducted according to Book of Discipline provisions, in which two-thirds of the congregation must vote to disaffiliate. As allowed by the terms of Paragraph 2553, the Oklahoma Annual Conference Board of Trustees provided that a congregation may take a church conference vote only once in a one-year period; however, the district superintendent has discretion to call a second church conference vote within the year. After the church conference vote, a disaffiliation agreement along with specific materials must be compiled and presented to support formal approval of disaffiliation by the Oklahoma Annual Conference. To facilitate this requirement the Oklahoma Bishop scheduled Annual Conference meetings in October 2022, April 2023, and October 2023. To accommodate the time necessary to prepare the agreement and materials, the Annual Conference required any church wishing to be considered for disaffiliation at the October 2023 meeting to hold its church conference vote by September 6, 2023. Finally, any congregation wishing to disaffiliate by the means of Paragraph 2553 must complete the entire process before December 31, 2023.

Church of the Servant Request to Disaffiliate

¶4 Church of the Servant began internally discussing the possibility of disaffiliation in June 2022. At Church of the Servant's request, UMC scheduled a church conference vote on September 11, 2022. The record reflects that the vote was two votes short of the Paragraph 2553 two-thirds requirement to disaffiliate; it is undisputed that the vote did not reach the threshold. The same day the church passed a motion to reconsider and held a second vote, which also failed to reach two-thirds. In June 2023, after a process of internal discernment, Church of the Servant asked the District Superintendent to authorize another church conference vote on Paragraph 2553 disaffiliation, before the year limit on such a vote had ended. The District Superintendent refused to exercise his discretion to call another vote on disaffiliation before September 12, 2023 -- a year after the September 11, 2022 vote. For all practical purposes, this decision prevented Church of the Servant from taking a disaffiliation request to the October 2023 Annual Conference, since the Conference deadline for church conferences was September 6, 2023.

Church of the Servant District Court Litigation

¶5 On July 3, 2023, Church of the Servant sued UMC in Oklahoma County District Court. The Church's claims included breach of contract, promissory estoppel, breach of fiduciary duty, conspiracy, and fraud. Church asked for injunctive relief and damages, including a mandatory injunction requiring UMC to (a) allow Church of the Servant a church conference vote on disaffiliation on August 13, 2023; (b) avoid any delays in the process; (c) approve Church's application to disaffiliate under terms no worse than those provided for the churches which disaffiliated in April 2023; and (d) submit Church's approved application to the Annual Conference for ratification in October 2023. The case was eventually assigned to Respondent. UMC filed a motion to dismiss for lack of subject matter jurisdiction on July 17, 2023. This was denied without oral argument on August 18, 2023, and memorialized in an August 24, 2023 Order.

¶6 After a hearing, on August 21 Respondent granted Church of the Servant's request for mandatory injunctive relief. Respondent found that Church of the Servant had a right to vote on disaffiliation under provisions of the Book of Discipline, that the disaffiliation process had been tainted by the District Superintendent's bias against it, and that the provisions of the Oklahoma Annual Conference disaffiliation agreement form (which included the twelve-month vote limitation) presented to the court did not govern the disaffiliation process. Respondent ordered UMC to allow Church of the Servant to hold a church conference vote on disaffiliation before September 6, 2023, and denied UMC's oral motion to stay the order. On August 23, UMC filed this application for a writ, asking this Court to prohibit Respondent from enforcing its August 21 Order, and to order Respondent to dismiss Church of the Servant's suit for lack of subject matter jurisdiction. On August 28 this Court stayed the injunction pending resolution of this writ. Consequently UMC did not call the Church of the Servant church conference vote as ordered by Respondent.

¶7 Church of the Servant suggests that UMC's application to this Court is untimely under Rule 1.191(i), Oklahoma Supreme Court Rules, 12 O.S. ch. 15, App. 1. However, that Rule does not apply. Rule 1.191(i) requires a party seeking a stay of a proceeding to file its application at least ten days before the proceeding it wants to stay is set in district court. The rule applies where the petitioner wants to prevent a district court from conducting a hearing. It is filed before the proceeding happens. But here, UMC asked this Court to stay an order Respondent had already issued, and to prevent Respondent from enforcing its order. That is, UMC wanted to stop enforcement of a hearing that had already happened. UMC's request was not untimely.

Standard of Review

¶8 Petitioner seeks a writ of mandamus and/or prohibition. For a writ of mandamus, Petitioner must show (1) it has a clear legal right to the relief sought; (2) Respondent has a plain legal duty regarding the relief; (3) Respondent has refused to perform the duty; (4) the duty does not involve an exercise of discretion; and (5) Petitioner has no plain and adequate remedy in the ordinary course of the law. Nichols v. Ziriax, 2022 OK 76, ¶ 11, 518 P.3d 883, 887. For a writ of prohibition, a petitioner must show (1) an exercise of judicial or quasi-judicial power; (2) which is unauthorized by law; (3) and which will result in injury for which there is no other adequate remedy. Maree v. Neuwirth, 2016 OK 62, ¶ 6, 374 P.3d 750, 752. Petitioners have shown a clear legal right to the relief sought, that Respondent refused to perform its duty, and an exercise of unauthorized judicial power. Petitioners have no remedy other than an extraordinary writ.

Church Autonomy Doctrine Applies

¶9 Under the First Amendment, church authority governs internal ecclesiastical disputes, and courts avoid entanglement in religious doctrine. Watson v. Jones, 80 U.S. 679, 727 (1871). Church autonomy prevents courts from hearing matters of "theological controversy, church discipline, [or] ecclesiastical government...." Serbian E. Orthodox Diocese v. Milivojevich, 426 U.S. 696, 714 (1976). Where ecclesiastical decisions are at issue, constitutional due process and "secular notions of 'fundamental fairness' or impermissible objectives" are irrelevant. Id. at 714-15.

¶10 We recently reviewed the history and scope of church autonomy in Oklahoma Annual Conference of the United Methodist Church v. Timmons, 2023 OK 101, __ P.3d __ (UMC1). In that case, the First United Methodist Church of Oklahoma City (First Church) sued UMC, claiming that UMC deliberately failed to follow Section 2553 procedures to prevent First Church from completing the disaffiliation process while retaining its property. That case was also assigned to Respondent, which rejected UMC's motion to dismiss for lack of subject matter jurisdiction and instead granted First Church a mandatory injunction requiring UMC to take specific steps to further First Church's disaffiliation process. UMC1, 2023 OK 101, ¶ 5. In UMC1, we determined that church autonomy prevented Respondent from hearing any claim which required it to interpret the Book of Discipline and step into the shoes of church authority. Id. at ¶ 13. The specific factual basis for First Church's claim differed from those alleged by Church of the Servant, but the legal analysis for both claims is the same.

¶11 As we determined in UMC1, to decide the merits of Church of the Servant's claims, courts must interpret the Book of Discipline and Paragraph 2553 -- an ecclesiastical issue. UMC1, 2023 OK 101, ¶ 12. At the time this suit was brought, Church of the Servant had not yet voted to disaffiliate from UMC. It does not yet have a property dispute, and it cannot, at this point, claim to bring a property dispute without confronting the doctrinal issue explicitly raised by the Paragraph 2553 procedural language. The same is true of any attempt to address Church of the Servant's claim that UMC violated its own procedures outlined in the Book of Discipline.

¶12 The record shows that Respondent freely interpreted Book of Discipline provisions to resolve Church of the Servant's claims. Respondent's detailed findings and explanations reflect a misunderstanding of the nature of ecclesiastical issues and the scope of church autonomy. Where the issues are ecclesiastical, this is not a court's role. UMC1, 2023 OK 101, ¶ 9; Milivojevich, 426 U.S. at 714. Respondent's rulings clearly show that a Paragraph 2553 disaffiliation cannot be decided without interpreting the Book of Discipline. Church of the Servant's claims are thus inextricably intertwined with church doctrine, and church autonomy applies. UMC1, 2023 OK 101, ¶ 13; In re Lubbock, 624 S.W.3d 506, 514 (Tex.), cert. denied sub nom. Guerrero v. Diocese of Lubbock, 142 S. Ct. 434 (2021). The courts have no subject matter jurisdiction to hear this case. UMC1, 2023 OK 101, ¶ 18.

Conclusion

¶13 For a writ of prohibition, UMC must show that Respondent has exercised judicial power unauthorized by law, and that exercise has resulted in injury for which there is no other adequate remedy. Maree, 2016 OK 62, ¶ 6, 374 P.3d at 752. For a writ of mandamus, UMC must show it has a clear legal right to the relief sought, Respondent refuses to perform a plain legal duty not involving an exercise of discretion regarding the relief, and UMC has no adequate remedy. Nichols, 2022 OK 76, ¶ 11, 518 P.3d at 887. A mandatory injunction, rather than preserving the status quo, "is an extraordinary remedial process that commands the performance of some positive act." Owens v. Zumwalt, 2022 OK 14, ¶ 7, 503 P.3d 1211, 1214.

¶14 In ordering the temporary mandatory injunction in favor of Church of the Servant, Respondent found the church was likely to succeed on the merits and would be irreparably harmed without the injunction. Owens, 2022 OK 14, ¶ 8, 503 P.3d at 1214; Dowell v. Pletcher, 2013 OK 50, ¶ 7, 304 P.3d 457, 460. In so finding, the District Court interpretated the Book of Discipline church doctrine and procedures for UMC and fashioned a remedy contrary to Book of Discipline procedures. In interpreting the church doctrine to issue a temporary mandatory injunction, Respondent exercised judicial power unauthorized by law. In refusing to grant UMC's motions to dismiss for lack of subject matter jurisdiction, Respondent refused to perform a plain legal duty not involving the exercise of discretion. Consequently, this Court granted the writs of mandamus and prohibition. The case is remanded with instructions to dismiss.

WRITS OF MANDAMUS AND PROHIBITION PREVIOUSLY GRANTED;
CASE REMANDED TO THE DISTRICT COURT OF OKLAHOMA COUNTY
WITH INSTRUCTIONS TO DISMISS

CONCUR: Kane, C.J., Rowe, V.C.J., Kauger, Winchester, Combs, Darby and Kuehn, JJ., Rowland, S.J. and Swinton, S.J.

RECUSED: Edmondson and Gurich, JJ.

Kane, C.J., with whom Kauger, J., joins, concurring. "While the Church autonomy doctrine deprived the Court of subject matter jurisdiction under these facts, Courts continue to have subject matter jurisdiction to resolve church property disputes, and they may review provisions of the Book of Discipline concerning the ownership of property provided the references do not speak to religious doctrine or practice. See Jones v. Wolf, 443 U.S. 595, 603 (1979)."

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
2013 OK 50, 304 P.3d 457, 
DOWELL v. PLETCHER
Discussed

 
2016 OK 62, 374 P.3d 750, 
MAREE v. NEUWIRTH
Discussed at Length

 
2022 OK 14, 503 P.3 1211, 
OWENS v. ZUMWALT
Discussed

 
2022 OK 76, 518 P.3d 883, 
NICHOLS v. ZIRIAX
Discussed at Length

 
2023 OK 101, 
OKLAHOMA ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH v. TIMMONS
Discussed at Length

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA