OSCN Found Document:CHICK-FIL-A v. THE HONORABLE RICHARD OGDEN & LOZADA, et al.

 

 
 CHICK-FIL-A v. THE HONORABLE RICHARD OGDEN & LOZADA, et al.2026 OK 13Case Number: 122832Decided: 03/10/2026THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2026 OK 13, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

CHICK-FIL-A, INC., Petitioner,
v.
THE HONORABLE RICHARD OGDEN, Judge of the District Court of Oklahoma County, Respondent,
and
LESLIE LOZADA and JESUS PEREZ, as Parents of I.P.L., a Deceased Minor, Real Parties in Interest.

 

APPLICATION TO ASSUME ORIGINAL JURISDICTION
FOR WRIT OF PROHIBITION AND/OR MANDAMUS

¶0 Petitioner seeks writs of prohibition and mandamus to preclude enforcement and require modification of Respondent's discovery order. We assume original jurisdiction and grant the writ of prohibition.

ORIGINAL JURISDICTION ASSUMED;
WRIT OF PROHIBITION GRANTED.

Peyton Howell, McAfee & Taft, Oklahoma City, Oklahoma and J. Craig Buchan, McAfee & Taft, Tulsa, Oklahoma for Petitioner.

Joe E. White, Jr., and Charles C. Weddle, III, White & Weddle, P.C., Oklahoma City, Oklahoma for Real Parties in Interest.

KANE, J.:

¶1 The issue is whether Respondent, the Honorable Richard Ogden, abused his discretion by not requiring the discovery proponents to show how an overly broad request for production was relevant to any party's claim or defense. After assuming original jurisdiction, we hold he did and issue a writ of prohibition.

FACTS AND PROCEDURAL HISTORY

¶2 On August 5, 2023, two-year-old I.P.L. was tragically struck and killed by a motor vehicle driven by a customer in the drive-through lane as he was walking to the entrance of the Chick-fil-A restaurant in Yukon, Oklahoma. I.P.L.'s parents, Real Parties in Interest Leslie Lozada and Jesus Perez, filed a lawsuit against Petitioner Chick-fil-A, Inc. for negligence and wrongful death. Parents alleged Chick-fil-A violated its nondelegable duty of care to provide reasonably safe premises for business invitees. Specifically, Parents argued Chick-fil-A knew or should have known its design for pedestrian ingress and egress--which required customers to traverse through the drive-through lane or lanes to enter the building--created an unreasonably dangerous condition that posed a foreseeable risk of harm. 

¶3 This original action concerns the court's ruling on a motion to compel discovery filed by Parents. In Request for Production (RFP) No. 27, Parents requested production of all documents and communications for the time period of August 5, 2013, to the present related to adverse events, complaints, incidents, and/or accidents involving the injury or death of any person at any restaurant owned, leased, franchised, or operated by Chick-fil-A within the United States. In RFP No. 36, Parents requested production of all complaints or petitions filed against Chick-fil-A from August 5, 2013, to the present "wherein negligence was or is alleged to have caused or contributed to the injury or death of a pedestrian as a result of being struck, hit, run over, or coming in contact with a motor vehicle of any kind while on a Chick-fil-A restaurant premises in the United States."

¶4 Chick-fil-A objected to many of Parents' discovery requests. It argued RFP Nos. 27 and 36 were vague, overbroad, and unduly burdensome; were improperly tailored as to time and scope; were not limited to substantially similar incidents; and sought information that was neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Citing these objections, Chick-fil-A limited the temporal and geographical scope of its responses, stating it was not aware of any other incident in the five years preceding this one in which a pedestrian was injured or killed on the premises of a Chick-fil-A branded restaurant business in the state of Oklahoma.

¶5 At the hearing on Parents' motion to compel, counsel for Parents acknowledged RFP No. 27 inadvertently and mistakenly requested information about accidents or injuries that had occurred anywhere on a Chick-fil-A property. Counsel said his intent was only to seek information about incidents involving a pedestrian injury or death in the parking lot of any Chick-fil-A, and he stipulated Parents' willingness to limit the request. Counsel argued Parents were entitled to records for ten years preceding this incident but noted Parents would agree to a five-year limitation.

¶6 Chick-fil-A was concerned the modified request was still too broad because it continued to sweep in significant amounts of irrelevant information. Chick-fil-A wanted the court to limit the request to incidents which were truly substantially similar, and it argued an incident should not be considered substantially similar to the accident in this case simply because it occurred in the same general location. Chick-fil-A contended information concerning a trip-and-fall or other incidents not involving a motor vehicle would have no relevance to this incident. In Chick-fil-A's view, a truly substantially similar event is one in which "a customer parks their car and then is forced by Chick-fil-A, according to [Parents], to walk across the drive-through lane and in the process of being forced to take that path is injured by a car."

¶7 The court announced from the bench that it was granting Parents' motion to compel but modifying the scope of their requests. Regarding RFP Nos. 27 and 36, the court stated it was ordering Chick-fil-A to supplement its discovery responses for five years preceding August 5, 2023, related to incidents or injuries involving pedestrians in the parking lot of any Chick-fil-A franchise or restaurant with a drive-through in the United States. Chick-fil-A asked whether the court would consider limiting the RFPs to incidents involving pedestrian injuries that occurred in the drive-through lane. Respondent denied the request, stating Chick-fil-A's suggestion was too limited in scope and too difficult to define. The court entered its final written Order on January 6, 2025.

¶8 Chick-fil-A now asks that we assume original jurisdiction and review the ruling. It seeks a writ of prohibition to preclude the court from enforcing the Order. Alternatively or additionally, Chick-fil-A requests a writ of mandamus ordering the court to limit the RFP. 

STANDARD OF REVIEW

¶9 "This Court has the power on original jurisdiction to correct an abuse of discretion or compel action where the action taken is arbitrary even though the officer is vested with judgment and discretion." Maree v. Neuwirth, 2016 OK 62374 P.3d 750See State ex rel. Okla. State Bd. of Med. Licensure & Supervision v. Rivero, 2021 OK 31489 P.3d 36Jolley v. McClain, 2025 OK 6564 P.3d 54

ANALYSIS

¶10 This case is controlled by 12 O.S.2021 § 3226

Parties may obtain discovery regarding any matter, not privileged, which is relevant to any party's claim or defense, reasonably calculated to lead to the discovery of admissible evidence and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. . . .

Id., § 3226(B)(1)(a).

¶11 Section 3226 was amended in 2017 to more closely follow amendments to Rule 26 of the Federal Rules of Civil Procedure adopted in 2015. See FED. R. CIV. P. 26 advisory committee's note on 2015 amendments ("The present amendment restores the proportionality factors to their original place in defining the scope of discovery."). Rule 26 and § 3226 accomplished this by relocating language from one subsection to another. 

¶12 The amendments also omitted language that had bearing on whether a discovery request is relevant. Prior to 2015, Rule 26 authorized a court to order discovery of "any matter relevant to the subject matter involved in the action" if it found "good cause" to do so. See FED. R. CIV. P. 26 (1993). The prior version of § 3226 similarly stated, "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . ." See 12 O.S.Supp.2014 § 3226See FED. R. CIV. P. 26 (2015); 12 O.S. 2021 § 3226(B)(1)(a).

¶13 The federal Advisory Committee on Civil Rules introduced the distinction between "matter relevant to the subject matter" and "matter relevant to a claim or defense" in 2000:

In 1978, the Committee published for comment a proposed amendment . . . to refine the scope of discovery by deleting the "subject matter" language. This proposal was withdrawn, and the Committee has since then made other changes in the discovery rules to address concerns about overbroad discovery. Concerns about costs and delay of discovery have persisted nonetheless . . . in some instances, particularly cases involving large quantities of discovery, parties seek to justify discovery requests that sweep far beyond the claims and defenses of the parties on the ground that they nevertheless have a bearing on the "subject matter" involved in the action.

FED. R. CIV. P. 26 advisory committee's note on 2000 amendments. While at that time Rule 26 retained the court's authority to order discovery relevant to the subject matter for good cause, the Committee noted it intended for "the parties and the court [to] focus on the actual claims and defenses involved in the action." Id.

¶14 According to the 2015 Advisory Committee, requiring discovery to be proportional and relevant to any party's claim or defense is sufficient, provided there is a proper understanding of what is relevant to a claim or defense. See FED. R. CIV. P. 26 advisory committee's note on 2015 amendments. The Committee offered three examples of information that, "suitably focused," would be relevant to the parties' claims or defenses: other incidents of the same type or involving the same product; information about organizational arrangements or filing systems; and information that could be used to impeach a likely witness. See id.

¶15 "[T]he requirement . . . that the material sought in discovery be 'relevant' should be firmly applied." Quinn v. City of Tulsa, 1989 OK 112777 P.2d 1331Herbert v. Lando, 441 U.S. 153, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979)). "[W]hen the request is overly broad on its face or when relevancy is not readily apparent, the party seeking discovery has the burden to show the relevancy of the request." Performance Proppants, LLC v. Chesapeake Operating, LLC, 2025 WL 2946402, at *1 (W.D. Okla. Sep. 15, 2025) (quoting Johnson v. Kraft Foods N. Am., Inc., 238 F.R.D. 648 (D. Kan. 2006)). Records related to any pedestrian incident that occurred in a Chick-fil-A parking lot may be relevant to the subject matter involved here. But that is no longer the standard. The trial court did not require Parents to demonstrate how information about dissimilar incidents would be relevant to a claim or defense in this case. Its failure to do so was an abuse of discretion.

CONCLUSION

¶16 The scope of discovery is broad, but it is not without limits. RFP No. 27 was overly broad on its face, and the court abused its discretion by failing to require Parents to initially demonstrate how their request was relevant to any party's claim or defense. For this reason, we grant Chick-fil-A's petition for a writ of prohibition. Respondent is prohibited from enforcing paragraph 7 of the January 6, 2025, Order compelling discovery. The court is authorized to reevaluate Parents' motion to compel discovery with respect to RFP Nos. 27 and 36 in a manner consistent with this opinion.

ORIGINAL JURISDICTION ASSUMED;
WRIT OF PROHIBITION GRANTED.

CONCUR: Rowe, C.J., Kuehn, V.C.J., Winchester, Gurich, Kane and Jett JJ.

CONCUR IN RESULT: Edmondson, Combs, Darby, JJ.

FOOTNOTES

any pedestrian injury or death. To the extent the court intended to omit the limitation to lawsuits involving injuries caused by interactions with motor vehicles, the court's ruling suffers from the same overbreadth.

Heffron v. District Court of Okla. County, 2003 OK 7577 P.3d 1069Id.

Compare FED. R. CIV. P. 26 (1993) (proportionality language falling under "limitations on frequency and extent" in Rule 26(b)(2)(c)(iii)), with FED. R. CIV. P. 26 (2015) (proportionality language located in Rule 26(b)(1) regarding "scope in general"), and 12 O.S.Supp.2014 § 3226with 12 O.S.Supp.2017 § 3226